IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ROBERT JAYSON JONES,

    Petitioner,

v.                                           CRIMINAL ACTION NO. 4:13cr103

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Robert Jayson Jones's ("Petitioner") *pro se* Motion, filed pursuant to Title 28, United States Code, Section 2255 to Vacate Sentence by a Person in Federal Custody ("§ 2255 Motion"). Having thoroughly reviewed the filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motions is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

A Grand Jury in the Eastern District of Virginia returned a four Count Indictment against Petitioner on November 12, 2013. ECF No. 12. Counts One and Two charged Petitioner with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Count Three charged Petitioner with Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Count Four charged Petitioner with Possession of Obscene Visual Representations of the Sexual Abuse of Children in violation of 18 U.S.C. § 1466A(b). Petitioner pled guilty to Count Three on January 7, 2014. ECF No. 26. Petitioner was sentenced on April 9, 2014 to one hundred and eight months on Count Three, and fifteen years of supervised release. ECF No. 39.

On December 16, 2016, Petitioner moved to vacate his sentence pursuant 28 U.S.C. §

1

2255 ("2255 Motion"), ECF No. 45, and to proceed *in forma pauperis*. ECF No. 47. The Government filed a response on February 1, 2017. ECF No. 49. Petitioner moved for leave to withdraw his 2255 Motion. ECF No. 54. The Court granted Petitioner's Motion for leave to withdraw his 2255 Motion. ECF No. 55. Petitioner, again, filed a 2255 Motion on April 27, 2017. ECF No. 56.

## II. LEGAL STANDARD

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

### III. DISCUSSION

Petitioner argues that his sentence should be modified in light of the 2016 Amendments to the United States Sentencing Guidelines for §2G2.2(b)(3)(F), and Fourth Circuit precedent. Defendant also argues that his motion is timely "due to an error by the court, revealed by recent guideline amendments." ECF No. 57 at 1.

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f) (2008). The limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (1)-(4).

Petitioner's § 2255 motion is not timely under § 2255(f)(1) because he filed more than one year after his judgment of conviction became final. The motion is not timely under § 2255(f)(2) because Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion. The motion is not timely under § 2255(f)(3) because he has not alleged any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case on collateral review. The motion is not timely under § 2255(f)(4) because

3

Petitioner provides no evidence of newly discovered facts that would affect his sentence. For these reason, Petitioner's § 2255 Motion is **DENIED**.

But even if the Court construed Petitioner's motion as having been filed pursuant to 18 U.S.C. 3582(c)(2) for a sentence reduction, his Motion would also be denied. A sentencing court may reduce a term of imprisonment previously imposed when the defendant's Sentencing Guidelines range has been lowered, and the amendment lowering that range has been made retroactive by the United States Sentencing Commission. U.S.S.G. § 1B1.10; *see also* 18 U.S.C. § 3582(c)(2). The amendments that have been made retroactive are listed in U.S.S.G. § 1B1.10(d). A defendant can obtain relief under § 3582(c)(2), only if the amendment applies retroactively. *See United States v. Barnes*, 388 F. App'x 301, 302 (4th Cir. 2010). The only Amendment that mentions 2G2.2(b)(3)(F) is Amendment 801, which has not been made retroactive. Therefore, this Amendment cannot serve as the basis for reducing the Petitioner's previously imposed sentence.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is not entitled to relief. Accordingly, Petitioner's § 2255 Motion is **DENIED**.

Additionally, Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 20, 2017

Raymond A. Jackson
United States District Judge

4